CASE 2—WITNESS CLAIM—SEPTEMBER 20.

## Commonwealth v. Comes.

### APPEAL FROM WHITLEY CIRCUIT COURT.

WHERE A PROSECUTION IS REMOVED FROM ONE COUNTY TO ANOTHER in pursuance of section 1112 of Kentucky Statutes, the county from which the prosecution is removed is liable only for the costs of removal and not for the costs of the trial. And the mileage of witnesses is to be regarded as a part of the costs of trial and not of removal, and is payable by the Commonwealth and not by the county, although the witnesses would not have been entitled to mileage if the prosecution had not been removed.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND C. W. LESTER, FOR APPELLANT.

1. By reason of the removal from Perry county, the witnesses who live in Perry county are entitled to mileage, and this mileage is, therefore, a part of the cost of removal and Perry county is responsible for it. (Ky. Stats., secs. 1111, 1112 and 1119.)

2. The authority for this appeal is found in the case of Herrick ex parte, 78 Ky., 23.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Joseph Adkins and William Smith were indicted for murder in the Perry Circuit Court but the prosecution was removed to the Whitley Circuit Court in pursuance of section 1112,

Kentucky Statutes, as follows: "Whenever any judge shall be satisfied from his own knowledge, and from the written statement of the Commonwealth's attorney, that such a state of lawlessness exists in any county that the officers will be prevented from discharging their duty or the jurors will be deterred from rendering an impartial verdict, he may order the prosecution removed to some other county in which a fair trial can be had; *and the fiscal court of the county from which such removal is made shall allow and pay the costs thereof out of the county levy.*"                                    \

And the appellee Comes, having, under a recognizance duly taken at a previous term of the Whitley Circuit Court, attended at the trial term as a witness for the plaintiff in that prosecution, moved the court for an order allowing him a claim payable out of the State Treasury of one dollar per day for such attendance, and $8.48 for mileage from his place of residence in Perry county; which motion was sustained. But the Commonwealth excepted to and has appealed from so much of that order as allowed the claim for mileage.

It seems plain to us that according to proper grammatical construction of the section quoted the fiscal court of a county from which a prosecution may for the causes mentioned be removed is required to allow and pay out of the county levy, not the costs of trial that takes place in the county to which the prosecution is removed, but only costs of the removal which consists of fees and expenses of the sheriff or jailer and guards in delivering the defendant to jailer of the county where the trial is to take place, as specially provided for in section 1113, and fees of the clerk for transmitting the original papers and transcript of orders and making out a copy of such papers to be retained by him as specially provided for in section 1115.

That it was intended to make a recusant county liable in

such case no farther than for costs of removal is shown by section 1119 as follows: "If the change of venue is granted to or on application of the Commonwealth all the costs of the removal shall be paid by the county from which the removal is had in the same manner as other claims against the county are paid." For if it had been intention of the legislature to make such county liable for actual costs of the trial in addition to costs of change of venue or removal, which precedes and is entirely distinct from it, language appropriate and necessary to express that intention we are bound to presume would have been used.

It is true section 367 provides a witness for the Commonwealth in a felony case is not entitled to mileage, in addition to *per diem* payable out of the State Treasury, unless he resides in a county other than that where the trial takes place, and that consequently appellee could not nor would have had a claim therefor but for the change of venue. But that claim in meaning of the statute constitutes part of the costs of the trial, not of the removal already accomplished. Certainly the county of Perry could successfully resist payment of appellees' claim because the statute does not expressly or by fair construction impose such penalty, and consequently if not paid out of the State Treasury he would without fault be deprived of what the statute in terms directs shall be paid to him.

Judgment affirmed.